JULIA EARLE, as Administratrix, etc., of PATRICK DONOHUE, Deceased, Respondent, v. CLYDE STEAMSHIP COMPANY, Appellant.

*Negligence — injury to one unloading a vessel from falling into its hold through a hatchway — when the act of a coservant in uncovering the hatchway, and not the want of light, is the proximate cause of the injury — neglect of servants to use lamps furnished by the master — duty of the master to furnish competent servants and a safe place to work in.*

In an action brought to recover damages resulting from the death of plaintiff's intestate who, while engaged at night in unloading a ship owned by the defendant, fell through an open hatchway in the lower deck of the vessel and was killed, it appeared that the intestate earlier in the night had assisted in placing

the cover on the hatchway; that while he was temporarily employed upon an upper deck his fellow-servants, without his knowledge, removed the cover of the hatchway for the purpose of promoting their convenience in performing the work; that shortly after the intestate returned to work on the lower deck he stepped through the open hatchway and was killed.

It further appeared that the place was lighted by one lamp, which shed but little light because of the dirty condition of the chimney thereof. It also appeared, however, that there were a sufficient number of lamps and a sufficient quantity of oil within easy access. The court submitted the case to the jury under instructions that, if they found that the place was not reasonably well lighted or was unsafe and dangerous by reason of an improper light, they might find for the plaintiff, which they did.

*Held,* that the judgment entered upon the verdict should be reversed, for the reasons, *first,* that the proximate cause of the accident was not the absence of sufficient light, but the action of the deceased's fellow-servants in removing the cover of the hatchway; *second,* because the defendant had performed its duty when it furnished sufficient lamps and oil to light the place, and that the intestate, by neglecting to make use of such appliances, assumed the risk of working in the dark;

That a master, who employs competent servants and furnishes them with a reasonably safe place in which to work, is entitled to rely upon the presumption that they will perform their duty in a proper way, and will not by their own acts render the place in which they are working unsafe.

APPEAL by the defendant, the Clyde Steamship Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of May, 1904, upon the verdict of a jury for $2,000, and also from an order, as resettled, entered in said clerk's office on the 19th day of May, 1904, denying the defendant's motion for a new trial made upon the minutes.

*George Gordon Battle,* for the appellant.

*S. Livingston Samuels,* for the respondent.

McLAUGHLIN, J.:

Action to recover damages for death of plaintiff's intestate alleged to have been caused by defendant's negligence.

At the time of the accident the intestate, with others, was engaged in unloading a vessel belonging to the defendant. The vessel had three decks and below the lower one was the hold. On the evening of the accident plaintiff was put at work on the lower

deck unloading rice and there he continued with the witness Barrett until between eleven and twelve o'clock, when he was directed to unload lumber from the same deck. On this deck was a hatchway, which was so securely covered that there was no possibility of falling into it, as long as the cover remained on. The covering was put on by the intestate, Barrett and another coworker. After the hatchway had been covered the intestate was ordered to go up on the upper deck and do some work there which he did, and after remaining a short time he again went back to the lower deck and commenced removing the lumber. While he was absent and at work on the upper deck his coworkers experienced difficulty in passing the lumber up by reason of the distance between the decks, and it was suggested by some, or all of them, that a step be made upon which they could stand. The suggestion was acted upon by taking the covering from the hatchway and building of it and other lumber a step or platform. This was the situation when the intestate returned from the upper deck, and he had no information that the covering of the hatchway had been removed. He again commenced to remove lumber and a short time thereafter stepped into the hatchway, fell to the hold below, and was killed.

It appeared that the place was lighted by one lamp which stood on a pile of lumber near by; that the chimney of the lamp was dirty and by reason thereof the light was very poor. It also appeared that there was a sufficient number of lamps and a sufficient quantity of oil within easy access if more light were necessary. The learned trial justice sent the case to the jury with instructions to determine whether the place was reasonably well lighted, and if they found it was not, or was unsafe and dangerous by reason of an improper light, then they might find a verdict for the plaintiff. Exception was taken to such instructions by the defendant. Plaintiff had a verdict of $2,000.

I think the judgment appealed from must be reversed. *First.* The cause of the accident was the removal of the covering of the hatchway, and this was the negligence of a coservant. The place, in the first instance, was reasonably safe in which to work, and it was made unsafe by the intestate's coservants, without authority or permission of the master, removing the covering in order that they might more easily perform the work assigned to them. The master

was not bound to anticipate that that which he had made safe would be made unsafe by reason of the negligence of his employees. He is bound, in the first instance, to employ competent servants, and if he does that he has a right to rely upon the presumption that they will perform their duty in a proper way. Here the place furnished for the intestate was reasonably safe. It was rendered unsafe, not because the defendant did not furnish a sufficient light, but because of the negligence of a coservant in taking off the covering to the hatchway. The absence of sufficient light was not the proximate cause of the accident.

*Second.* The fact is uncontradicted that the defendant furnished a sufficient number of lamps and a sufficient quantity of oil; also, that these were accessible to the intestate and his coworkers. If there was not sufficient light all they had to do was to get more lamps. Defendant had, therefore, performed its duty when it furnished sufficient lamps and oil to light the place, and if it were not light enough, by neglecting to use the appliances furnished, the intestate assumed the risk of working in the dark. (*Kaare* v. *Troy Steel & Iron Co.*, 139 N. Y. 369; *Madigan* v. *Oceanic Steam Navigation Co.*, 178 id. 242.)

In the first case cited plaintiff was injured on account of a depression in one of the planks in a platform on which he was working, and it was claimed sufficient light had not been furnished. It was said: "But the answer to this ground of negligence is that plenty of torches were furnished to the workmen for use in lighting the platform, and if they did not use them, and thus the platform was not sufficiently light, it was their own fault. The defendant discharged its duty by furnishing sufficient torches, and if they were not used, or if they were not properly placed, the fault cannot be charged to it."

In *Madigan* v. *Oceanic Steam Navigation Co.* (*supra*) an employee was injured while at work in the hold of a vessel, and it was claimed that such injury was caused by the neglect of the defendant to furnish lamps. It was said: "It was not disputed that the defendant had provided lamps sufficient and quite available to the foreman for the men's use. They were in sheds on the wharf and also upon the steamship, and if they were not used upon this occasion it was simply because, in the foreman's judgment, they were not

required. I cannot agree with the court below that the omission or neglect of this foreman was chargeable to the defendant."

Here, as already said, a sufficient number of lamps had been provided, and if they were not used it was the fault of the servants and not the master.

The judgment and order appealed from, therefore, must be reversed and a new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.